fication was in accordance with the views we have before expressed.

It is suggested, but not much argued, that the damages are excessive. Appellee was seriously and permanently injured and disabled, probably for life, from performing such services efficiently as he was theretofore able to perform. The damages awarded were so much within the province of the jury to determine that we would not be justified in disturbing the judgment on that ground.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

### Edward I. Rubendall, Appellee, v. Horace Tarbox et al., Appellants.

#### Gen. No. 6,261.   (Not to be reported in full.)

Appeal from the Circuit Court of Stephenson county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed April 19, 1917. Rehearing denied October 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Edward I. Rubendall, plaintiff, against Horace Tarbox and others, defendants, to recover under a contract for the construction by the plaintiff as contractor of certain buildings for the defendants. From a judgment for plaintiff for $2,982.87, defendants appeal.

For the opinion on appeal in a former case in which plaintiff obtained a mechanic's lien against the property, see *Rubendall v. Tarbox*, 200 Ill. App. 260.

CUTHBERT D. POTTS and EDWARD ROBY, for appellants.

BURRELL & JAMES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 252*—*when court may amend at later term so as to strike out name of party.* Where a party was named as one of several defendants in a *præcipe* for summons and in the summons, and was served but her name was omitted from the original declaration and an amended declaration, *held* that plaintiff by omitting such party's name from his declaration abandoned his suit as to her, and the entry of her name in the judgment after verdict against the defendants without naming them upon pleas by the defendants without naming them was a mistake of the clerk which the court had power to correct by amending the judgment at a later term after notice to the opposite party, although such omitted party joined in praying an appeal and in executing an appeal bond.

2. CONTRACTS, § 53*—*when contract deemed to be that of parties signing.* Where a written contract named several persons as parties thereto, but was not signed by one of them and all parties knew she had not signed it, and the contract was carried out by the parties signing same and was by stipulation of such parties in an action based thereon introduced in evidence as such contract between them without denial of joint liability because she had not signed it, or instruction asked to such effect, *held* that such contract would be treated as the contract of those who signed it.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when shown that one party to contract acted as agent for other owners in construction of building.* Evidence *held* sufficient to show that one of the parties named in a certain building contract sued on as owners of the building acted in the construction of the building as the agent for the other owners without objection by them and pursuant to the terms of the contract that the building should be erected and completed "to the entire satisfaction and under the direction of" such party.

4. APPEAL AND ERROR, § 1712*—*when objections to instructions waived.* Objections to instructions that are not argued are waived.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.